```
             UNITED STATES DISTRICT COURT
                       FOR THE
                 DISTRICT OF VERMONT

David Ward,                      :
        Petitioner,              :
                                 :
    v.                           :       File No. 1:07-CV-217
                                 :
Robert Hofmann,                  :
        Respondent.              :
```

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Paper 1)

Petitioner David Ward, proceeding *pro se*, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Ward claims that he has been held beyond his release date. The respondent argues for dismissal of the petition based upon a state procedural bar. For the reasons set forth below, I recommend that the petition be DENIED.

### Factual Background

Ward was arrested in Vermont on October 25, 1993 for offenses related to kidnapping. Shortly thereafter, he waived extradition to New Hampshire on charges that arose out of the same or similar acts. In May 1994, he accepted the terms of a plea agreement in New Hampshire, received a sentence of 2.5 to 7 years, and waived extradition back to Vermont. He subsequently entered into a second plea agreement in Vermont and was sentenced to a term of 2.5 to 13 years, to run concurrent to his New Hampshire sentence.

After Ward's release on supervision in 1998, the Vermont Department of Corrections ("DOC") placed him on escape status. He was later involved in a standoff with law enforcement in Keene, New Hampshire, and suffered multiple gunshot wounds. He was taken into custody, entered a guilty plea and received a second New Hampshire sentence of 8 to 20 years.

Ward maxed out his New Hampshire sentence in October 2006. He has been in Vermont DOC custody since that time. Ward's habeas petition claims that, with good time credits, his sentence in Vermont expired in April 2003, and that he is therefore entitled to immediate release.

A letter from the DOC, dated February 20, 2003, explains that once Ward was placed on escape status his Vermont sentence stopped running concurrent to the first New Hampshire sentence. (Paper 4-2 at 9). Consequently, when Ward was returned to Vermont, his sentence was treated as consecutive and the remaining portion of the sentence was "4 years 6 months 26 days." Id. Ward has disputed the DOC's calculation, arguing that because the escape charge was dropped his Vermont sentence should have continued to run.

On October 26, 2006, Ward filed a petition for writ of

habeas corpus in state court. The State moved for summary judgment, and on March 19, 2007, Superior Court Judge DiMauro dismissed the case with prejudice. Ward filed a notice of appeal on April 2, 2007. On June 18, 2007, the Vermont Supreme Court granted his attorney's motion to withdraw as counsel. The Court also denied Ward's motion to stay the appeal, but allowed him an extension of time in which to file a brief. When Ward failed to file his brief in a timely manner, the Vermont Supreme Court dismissed the appeal.

Ward then filed a motion for extension of time. The Vermont Supreme Court reinstated the appeal and granted the motion, allowing him until August 10, 2007 to file his brief. On August 21, 2007, the Vermont Supreme Court dismissed the appeal for failure to comply with its previous order. Ward filed his § 2254 petition in this Court on October 16, 2007.

## Discussion

A federal court should not grant a writ of habeas corpus unless the petitioner has exhausted his state court remedies. See § 2254(b)(1)(A). To meet this exhaustion requirement, a petitioner must have presented the state

courts with "the same claim he urges upon the federal courts," as a way of giving the state court "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  Picard v. Connor, 404 U.S. 270, 275-76 (1971) (internal citations omitted); see also Jones v. Keane, 329 F.3d 290, 295 (2d Cir. 2003).  In order to have "fairly presented" federal claims to the state courts, a petitioner must have (1) "set forth in state court all of the essential factual allegations asserted in his federal petition," and (2) "placed before the state court essentially the same legal doctrine he asserts in his federal petition."  Daye v. Att'y Gen. of New York, 696 F.2d 186, 191-92 (2d Cir. 1982) (*en banc*).  Complete exhaustion requires a petitioner to "present the substance of the same federal constitutional claims that he now urges upon the federal courts to the highest court in the pertinent state."  Aparicio v. Artuz, 269 F.3d 78, 89-90 (2d Cir. 2001) (internal quotation marks and citations omitted).

In Preiser v. Rodriguez, 411 U.S. 475, 489-92 (1973), the Supreme Court determined that a claim challenging the calculation of a sentence requires state court exhaustion.  The Preiser Court explained:

> It is difficult to imagine an activity in which a State has a stronger interest, or one that is more intricately bound up with state laws, regulations, and procedures, than the administration of its prisons . . . .  The strong considerations of comity that require giving a state court system that has convicted the defendant the first opportunity to correct its own errors thus also require giving the States the first opportunity to correct the errors made in the internal administration of their prisons.

Preiser, 411 U.S. at 491-92.

In this case, Ward never presented the substance of his claims to the Vermont Supreme Court.  The court allowed him more than one opportunity to file a brief, but he failed to comply with its deadlines.  Consequently, Ward has not presented his claims "in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim."  Baldwin v. Reese, 541 U.S. 27, 29 (2004) (parenthetical in original).  His claims therefore remain unexhausted.

When the claims in a § 2254 petition are unexhausted, they may nonetheless be deemed exhausted, and therefore unreviewable, if they are procedurally barred in state court.  See Bossett v. Walker, 41 F.3d 825, 828 (2d Cir. 1994), cert. denied, 514 U.S. 1054 (1995).  This procedural

bar will take effect if the state court rested its judgment on a state law procedural ground that is "'independent of the federal question and adequate to support the judgment.'" Cotto v. Herbert, 331 F.3d 217, 238 (2d Cir. 2003) (quoting Coleman v. Thompson, 501 U.S. 722, 729 (1991)).  A procedural bar qualifies as an "independent and adequate" state law ground when "'the last state court rendering judgment in the case clearly and expressly states that its judgment rests on a state procedural bar.'"  Levine v. Comm'r of Corr. Servcs., 44 F.3d 121, 126 (2d Cir. 1995) (quoting Harris v. Reed, 489 U.S. 255, 262 (1989)).  A state procedural bar will preclude federal habeas review if it is "'firmly established and regularly followed,'" unless the rule is "exorbitant."  Lee v. Kemna, 534 U.S. 362, 376 (2002) (quoting James v. Kentucky, 466 U.S. 341, 348 (1984)).

    The Vermont Supreme Court dismissed Ward's appeal due to his failure to file a timely brief.  The Vermont Rules of Appellate Procedure dictate that, when a party does not comply with a filing deadline, the court may dismiss the appeal. Vt. R. App. P. 42(b).  The state court clearly dismissed the appeal upon this procedural basis, the rule is

firmly established by statute, and Vermont case law indicates that the rule is regularly followed.  See, e.g., In re B.M., 165 Vt. 194, 196 (1996); Daigle v. Town of Jay, 154 Vt. 650, 650 (1990).  This procedural rule is, therefore, an independent and adequate state ground that prevents federal habeas review.  See Coleman, 501 U.S. at 751 (failure to file timely notice of appeal constituted adequate and independent state grounds for dismissal of appeal).

Where a habeas claim is procedurally barred by an independent and adequate state ground, this Court may reach the merits of the petition "'only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent.'"  St. Helen v. Senkowski, 374 F.3d 181, 183 (2d Cir. 2004) (quoting Bousley v. United States, 523 U.S. 614, 622 (1998)).  A petitioner may establish cause by showing "'that the factual or legal basis for a claim was not reasonably available to counsel . . . or that some interference by officials . . . made compliance impracticable.'"  Coleman, 501 U.S. at 753 (quoting Murray v. Carrier, 477 U.S. 478, 492 (1986)).  To satisfy the prejudice requirement, the alleged error must have worked to

the petitioner's "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Torres v. Senkowski, 316 F.3d 147, 152 (2d Cir. 2003) (internal quotation marks omitted).

Ward has not shown cause for the failure to present his arguments to the Vermont Supreme Court. In fact, he has not filed any response at all to the argument that his claims are procedurally barred. Consequently, he has also failed to show either prejudice or that the Court should apply the actual innocence exception.

Reviewing Ward's *pro se* petition for signs of prejudice or actual innocence, there is little reason to question the lower state court's dismissal of his state habeas petition. The DOC argues that Ward's sentence stopped being concurrent to his first New Hampshire sentence once he was placed on escape status. Ward's petition offers no basis for this Court to find that the DOC's position is in error. This Court should, therefore, DENY the petition.

### Conclusion

For the reasons set forth above, I recommend that Ward's petition for a writ of habeas corpus (Paper 1) be DENIED and this case be DISMISSED.

Dated at Burlington, in the District of Vermont, this 14th day of April, 2008.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. Failure to file objections within the specified time waives the right to appeal the District Court's order. <u>See</u> Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).